IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS ELPIDIO BATISTA, JR., <br>     Plaintiff, <br><br> v. <br><br> BERKS COUNTY DOMESTIC <br> RELATIONS, *et al.*, <br>     Defendants. | : <br> : <br> : <br> :     CIVIL ACTION NO. 25-CV-6178 <br> : <br> : <br> : <br> : |

## MEMORANDUM

**WEILHEIMER, J.**                                                                                          **DECEMBER    , 2025**

    Plaintiff Nicholas Elpidio Batista, Jr., a self-represented litigant, filed this civil rights action against "Berks County Domestic Relations," Judges Scott Lash and Tina Boyd, and Case Worker Curtis L. Benner based on their involvement in child support proceedings involving Batista. For the following reasons, the Court will dismiss Batista's Complaint.

### I.     FACTUAL ALLEGATIONS[1]

    Batista's claims stem from an underlying proceeding in the Domestic Relations Section of the Family Division of the Berks County Court of Common Pleas. The gist of his Complaint is that he has been "threatened with incarceration by Berks County Domestic Relations for alleged nonpayment of child support, despite inability to pay and lack of meaningful procedural safeguards." (Compl. at 8; *see also id.* at 7, 10.) He brings claims for violation of his due process rights pursuant to 42 U.S.C. § 1983,[2] (*id.* at 4) and appears to seek this Court's

---

[1] The following allegations are taken from the Complaint and attached exhibits. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Batista also invokes the Administrative Procedures Act, but that Act, which "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to

intervention in his state case as well as a writ of *habeas corpus* "to prevent unlawful incarceration," (*id.* at 11.)

## II.    STANDARD OF REVIEW

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, a district court may take a "flexible approach" and opt to screen the complaint prior to addressing the *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.") This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.*; *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (endorsing district court's dismissal of complaint as frivolous under § 1915(e)(2)(B)(i) without granting *in forma pauperis* status where *in forma pauperis* application was unclear). Given the difficulty the Court has experienced in obtaining concrete financial information from Batista to determine his eligibility for *in forma pauperis* status, it would save judicial resources to screen the Complaint at this time.

Among other things, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss a Complaint if it is frivolous or fails to state a claim. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

review by the courts," *Dep't of Homeland Sec. v. Regents of the Univ. of Ca.*, 140 S. Ct. 1891, 1905 (2020) (internal quotations omitted), is not relevant here.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Batista's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Batista is proceeding *pro se*, so the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

Batista brings his constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are several reasons why Batista's claims may not proceed.

First, "Berks County Domestic Relations," is an arm of the Commonwealth of Pennsylvania that may not be sued under § 1983 because it is not a "person" who may be sued under that provision, and because it shares in the Commonwealth's Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also Parker v. Lehigh Cnty. Domestic Relation Ct.*, 621 F. App'x 125, 128 (3d Cir. 2015) (*per curiam*) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit."); *Cruz v. Phila Fam. Ct.*, No. 25-6270, 2025 WL 3290065, at *1

(E.D. Pa. Nov. 25, 2025) ("[T]he Family Court, as part of Pennsylvania's Unified Judicial System, is an arm of the Commonwealth of Pennsylvania that may not be sued under § 1983 because it is not considered a 'person' for purposes of that provision, and because it shares in the Commonwealth's Eleventh Amendment immunity.").

Second, absolute immunity bars Batista's claims against Judges Lash and Boyd, who appear to have been sued based on how they handled the underlying proceeding in state court. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (explaining that absolute judicial immunity extends to claims for injunctive relief). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "[W]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (internal quotations omitted). Since the Court understands Batista to be claiming that the Judges violated his rights in connection with what they said to him during the domestic relations proceedings over which they were presiding—allegedly threatening him with incarceration for failing to pay his child support obligation—his claims are barred. *See, e.g., Fake v. City of Philadelphia*, No. 16-3893, 2016 WL 7429009, at *6 (E.D. Pa. Dec. 21, 2016) ("Here, the majority of plaintiff's claims against the judicial defendants are based on how they ruled in the support action, how they handled plaintiff's filings or scheduling matters in the support action, and their signing of orders, including enforcement orders, in the support action. Those are all judicial acts protected by absolute judicial immunity."), *aff'd*, 704 F. App'x 214 (3d Cir. 2017) (*per curiam*).

4

Third, to establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each individual defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Since Batista has said nothing about how Case Worker Benner violated his rights, the claims against Benner are not adequately pled.

Fourth, the Complaint "lacks legal merit because it appears to be predicated on frivolous arguments grounded in sovereign citizen theory and, regardless, does not allege any facts supporting the existence of a due process violation." *Cruz*, 2025 WL 3290065, at *1 (E.D. Pa. Nov. 25, 2025) (citing *Ibrahim v. New Jersey Off. of Att'y Gen.*, No. 21-1129, 2021 WL 3012670, at *2 (3d Cir. July 16, 2021) (*per curiam*)). Notably, regardless of whatever may have been said to Batista in the context of the state court proceeding, it does not appear that he was ever, in fact, incarcerated.

Fifth, a plaintiff may not seek *habeas* relief in a § 1983 action and, since it appears Batista is not and has not been in custody, there is in any event no basis for *habeas* jurisdiction. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus . . . ."); *see also* 28 U.S.C. § 2241(c) (extending availability of the writ to those "in custody"); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint . . . .").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Batista's Complaint and deny his motion to proceed *in forma pauperis* as moot given the dismissal. Batista will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows, which dismisses this case, and which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

**GAIL A. WEILHEIMER, J.**